KENNETH A. KOZEL, Plaintiff-Appellant and Cross-Appellee, v. THE STATE BOARD OF ELECTIONS, Acting as an Electoral Board, *et al.*, Defendants-Appellees (Douglas B. Olivero, Defendant-Appellee and Cross-Appellant).

Fourth District   No. 4—88—0145

Opinion filed April 28, 1988.—Rehearing denied May 24, 1988.

Kenneth A. Kozel, of Petz & Kozel, of La Salle, appellant *pro se.*

Neil F. Hartigan, Attorney General, of Springfield, and James Tenuto, of State Board of Elections, of Chicago, for appellee State Board of Elections.

Louis E. Olivero, of Peru, for appellee Douglas B. Olivero.

JUSTICE SPITZ delivered the opinion of the court:

This appeal is taken from the judicial review proceeding by the circuit court of Sangamon county affirming the administrative order of the State Electoral Board (Board) directing the name of Douglas B. Olivero, defendant, be placed on the ballot as a candidate for the office of La Salle County Resident Circuit Judge in the March 1988 Republican primary. These actions were taken after plaintiff Kenneth A. Kozel filed objection to defendant's nominating petitions.

■ After reviewing the record and the parties' briefs and having considered the oral argument of counsel, we find that plaintiff timely filed his complaint within 10 days of the Board issuing its January 19, 1988, order correcting an earlier order dated January 15, 1988. For this reason, the defendant's motion to dismiss this appeal is denied. We further find that the Board was properly convened on December 28, 1987, when the Board adopted procedural rules and assigned this matter to a hearing officer, even though some Board members were not physically present but were connected to the meeting by telephonic conference (see 1982 Ill. Att'y Gen. Op. 124), and that the State Election Board was the proper body to convene as the State Electoral Board to consider plaintiff's objections since the Thirteenth Judicial Circuit is situated in more than one county. Ill. Rev. Stat. 1985, ch. 46, par. 10—9.

■ Lastly, we consider plaintiff's objections to 528 of the 963 signatures on defendant's nominating petitions. The hearing officer, electoral board and circuit court focused on the objection to some 450 signatures of registered voters residing in Bureau and Grundy Counties. Plaintiff complains that, since only residents of La Salle County are eligible to vote in the primary and general elections, only residents of La Salle County should be allowed to sign and circulate nominating petitions even though Bureau and Grundy Counties are within the Thirteenth Judicial Circuit.

The statute governing the nomination of circuit judges by political parties is unambiguous and allows for signatures from registered voters residing anywhere within the judicial circuit to be on the nominating petitions. "If for a candidate for judicial office, by at least 500 qualified primary electors of his or her judicial district or circuit, as the case may be." Ill. Rev. Stat. 1985, ch. 46, par. 7—10(h).

Contrary to plaintiff's argument, such an interpretation has a basis in reason. This allows less populated counties to have multiple candidates in primaries where the 500-signature requirement would otherwise preclude it, or to have a candidate at all in counties where one or the other of the parties is predominant.

Accordingly, the motion to dismiss is denied and the order of the circuit court of Sangamon county is affirmed.

Affirmed.

GREEN, P.J., and LUND, J., concur.