924 F.2d 1061
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth A. KOZEL, Plaintiff-Appellant,
v.
STATE BOARD OF ELECTIONS, Theresa M. Petrone, Richard A.
Cowen, Carolyn R. Eyre, Joshua Johnson, John J.
Lonigan, David E. Murray, Langdon D.
Neal, Defendants-Appellees.
 Nos. 88-3150, 89-1253.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 20, 1990.*
Decided Feb. 4, 1991.
Rehearing and Rehearing En Banc Denied March 29, 1991.
 
 1
 Before RIPPLE, and MANION, Circuit Judges, and ROBERT A. GRANT, Senior District Judge**.
 
 ORDER
 
 2
 Kenneth A. Kozel brought this action under 42 U.S.C. Sec. 1983 seeking an order enjoining the November 8, 1988, election for resident circuit judge of LaSalle County, Illinois, and declaring unconstitutional ILL.REV.STAT. ch. 46, p 7-10(h) (1987) (amended 1989). He named as defendants the Illinois State Board of Elections and its appointed members; Tom P. Walsh, the LaSalle County clerk; Robert L. Carter, the Democratic candidate for resident circuit judge; and Douglas B. Olivero, the Republican candidate for resident circuit judge. This consolidated appeal is from three minute orders entered in the district court. We affirm.
 
 
 3
 The relevant facts are these. Kozel was one of two Republican candidates for resident circuit judge of LaSalle County in the primary election. His opponent, Douglas B. Olivera, won the primary. Kozel objected to 528 of the 963 signatures contained in Olivera's nominating petition. A hearing officer for the State Board of Elections held an evidentiary hearing on Kozel's objections. After the hearing the State Board of Elections issued a written decision overruling Kozel's objections but refusing to certify Olivera as the Republican candidate for the primary election. The State Board of Elections thereafter amended its decision to certify Olivera's name on the ballot.
 
 
 4
 Kozel petitioned for judicial review of the amended decision of the State Board of Elections in the Circuit Court of Sangamon County. He named as defendants the same parties named here, with the exception of Robert L. Carter. The Circuit Court of Sangamon County affirmed the State Board of Election's decision, as did the Fourth District Appellate Court, see Kozel v. State Bd. of Elections, 168 Ill.App.3d 501, 522 N.E.2d 908 (1988).
 
 
 5
 While his appeal was pending in the Illinois Supreme Court, Kozel filed the instant civil rights complaint in district court. In the complaint he alleged that Olivero was improperly certified as the Republican candidate for resident circuit judge of LaSalle County pursuant to p 7-10(h) of the Illinois Election Code. He also alleged that his federal constitutional rights were violated by the failure of (a) the hearing officer to allow him to properly conclude his case and grant him a hearing on 128 of the 528 objections; (b) the hearing officer and the State Board of Elections to rule on the validity of the 128 objections; and (c) the Illinois Supreme Court to rule prior to the November 8, 1988, general election. He sought declaratory and injunctive relief. By minute order entered on November 4, 1988, the district court stayed proceedings in the case pending disposition of Kozel's appeal in the Illinois Supreme Court. The district court based its stay order upon the rule of Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). (See R. 11, Transcript of November 4, 1988 hearing at 14). That same day, Kozel noticed an appeal from the district court's stay order, docketed in this Court as No. 88-3150.
 
 
 6
 On November 29, 1988, the Illinois Supreme Court dismissed Kozel's appeal. See Kozel v. State Bd. of Elections, 126 Ill.2d 58, 533 N.E.2d 796 (1988). By minute order dated January 13, 1989, and entered on January 17, 1989, the district court dismissed Kozel's complaint and denied his oral motion for leave to amend. On February 2, 1989, Kozel moved the district court to alter, amend or vacate its judgment. By minute order dated February 2, 1989, and entered on February 3, 1989, the district court struck the motion. On February 7, 1989, Kozel noticed an appeal from the January 17 and February 3 orders, docketed in this Court as No. 89-1253.
 
 Appeal No. 88-3150
 
 7
 As a threshold matter, we must determine whether we have jurisdiction to consider Kozel's appeal from the district court's decision to invoke Colorado River abstention. We conclude that we do. Our holding in Interstate Material Corp. v. City of Chicago, 847 F.2d 1285 (7th Cir.1988), is dispositive. There we held that an order denying a motion to dissolve a stay under Colorado River was an appealable order under Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983). 847 F.2d at 1286-87. We reasoned that such an order was "equivalent to an order granting a stay of litigation and the Supreme Court in Moses Cone held that a district court order granting a stay of litigation pursuant to Colorado River is an appealable order." 847 F.2d at 1286 (citing Moses Cone, 460 U.S. at 11-13). We elaborated that the Supreme Court found that the stay order fell within the collateral order doctrine of Cohen v. Beneficial Loan Corp., 337 U.S. 541 (1949), because "it conclusively determines the disputed question, resolves an important issue completely separate from the merits of the action, and is effectively unreviewable on appeal from a final judgment." 847 F.2d at 1287 (citing Moses Cone, 460 U.S. at 11-12). Thus under Interstate Material and Moses Cone we have subject matter jurisdiction over Kozel's appeal in No. 88-3150, and may consider the propriety of the district court's November 4, 1988, stay order.
 
 
 8
 In deciding whether to stay a federal action, the district court must first determine whether the state and federal actions are parallel. Schneider Nat'l Carriers, Inc. v. Carr, 903 F.2d 1155, 1156 (7th Cir.1990). If they are, the district court must then "balance the advantages and disadvantages of granting a stay, 'with the balance heavily weighted in favor of the exercise of jurisdiction.' " Id. (quoting Moses Cone, 460 U.S. at 16). The district court's decision to grant a stay is subject to review for abuse of discretion. Id.
 
 
 9
 The district court properly found that Kozel's federal action was parallel to his state action. "Suits are parallel if substantially the same parties are litigating substantially the same issues simultaneously in two fora." Id. Both of Kozel's actions involve the same parties. Both involve the same issues, namely the construction and application of p 7-10(h) of the Illinois Election Code. That Kozel added the defendant, Robert L. Carter, to his federal action does not defeat the parallel nature of the two actions. Id.; Interstate Material, 847 F.2d at 1288.
 
 
 10
 The district court also properly decided to abstain from deciding this case. Under the Colorado River doctrine, "when proper exceptional circumstances exist, a federal court can abstain from exercising its jurisdiction and defer to the concurrent jurisdiction of a state court when there is a parallel state court action pending." Rosser v. Chrysler Corp., 864 F.2d 1299, 1306 (7th Cir.1988). The Supreme Court and this Court have enumerated several factors relevant to a determination of whether abstention is appropriate. These factors include: (1) the law providing the rules of decision on the merits; (2) the progress of the state and federal litigation; (3) the order in which the concurrent forums obtained jurisdiction; (4) the desirability of avoiding piecemeal litigation; and, (5) the vexatious or contrived nature of the federal claim. See Interstate Material, 847 F.2d at 1288-89; Lumen Constr., Inc. v. Brant Constr. Co., 780 F.2d 691, 694 (7th Cir.1985).
 
 
 11
 The balance of factors favors imposition of the stay. First, all of Kozel's claims arise out of the 1988 election for resident circuit judge of LaSalle County and are governed by Illinois law. This puts the state court in a better position than the federal court to pass on the claims. Second, at the time the district court decided to abstain, the state action had progressed all the way to the Illinois Supreme Court where Kozel's appeal was then pending. The state circuit and appellate courts already had denied Kozel the relief he sought. Third, Kozel filed his state action on January 28, 1988, and his federal action on November 3, 1988. The state court thus obtained jurisdiction more than ten months before the federal court. Fourth, given the parallel nature of Kozel's state and federal actions, piecemeal litigation is avoided by having the parties litigate in one forum. Fifth, and finally, the federal action could be considered vexatious and contrived. Kozel filed both suits within ten months of each other seeking substantially the same relief from the same parties. Kozel apparently was impatient with the delay in the disposition of his state action, and thought that institution of the federal action would precipitate a speedier ruling from the Illinois Supreme Court. (See R. 11, Transcript of November 4, 1988 hearing at 10-11, 13). Accordingly, we cannot say that the district court abused its discretion in staying proceedings on grounds of abstention.
 
 
 12
 Kozel's argument that he reserved his federal constitutional rights under the rule of England v. Louisiana State Board of Medical Examiners, 375 U.S. 411 (1964), and therefore was entitled to have the district court consider them is misplaced. The England rule applies only when the district court orders abstention pursuant to Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941). See Olitt v. Murphy, 453 F.Supp. 354, 358 (S.D.N.Y.), aff'd, 591 F.2d 1331 (2d Cir.1978), cert. denied, 444 U.S. 825 (1979). This is not a Pullman-type case. See Mazanec v. North Judson-San Pierre School Corp., 763 F.2d 845, 847 (7th Cir.1985) (discussing main purpose and requirements for Pullman-type abstention). Kozel had the opportunity to present his federal constitutional rights in the state court proceedings, yet failed to do so.
 
 Appeal No. 89-1253
 
 13
 Turning to Kozel's appeal in No. 89-1253, the district court's January 17, 1989 order dismissing the complaint was proper, because of the preclusive effect of the Illinois Supreme Court's judgment with respect to the Sec. 1983 claims. See Moses Cone, 460 U.S. at 10; see also C. Wright, A. Miller & E. Cooper, 17A Federal Practice and Procedure Sec. 4247 at 136 (1988).
 
 
 14
 The district court's February 3, 1989 order striking the Motion to Alter, Amend or Vacate Judgment pursuant to Fed.R.Civ.P. 59(e) was also proper. We review the order for an abuse of discretion. See Amendola v. Bayer, 907 F.2d 760, 764 (7th Cir.1990). No abuse was shown. Since the district court dismissed the complaint before Kozel asked for leave to amend, the proper procedure was for Kozel to make his Rule 59(e) motion first and then request leave to amend. See id. at 765 n. 4. This he failed to do. Notwithstanding Kozel's failure to follow proper procedure, the district court struck the Rule 59(e) motion. This made it unnecessary for the district court to consider the merits of the motion. Id.
 
 
 15
 For all the foregoing reasons, we affirm the order of November 4, 1988, entered in Appeal No. 88-3150, and the judgment entered in Appeal No. 89-1253. The petition for attorney's fees and costs under Fed.R.App.P. 38 is denied.
 
 
 16
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 **
 Honorable Robert A. Grant, Senior Judge of the Northern District of Illinois, is sitting by designation