FOURTH DIVISION

FILED: 03/16/00

No.  1-00-0745

WILLIAM ("MR. D.") DELAY, ) APPEAL FROM THE

 ) CIRCUIT COURT OF

Plaintiff-Appellant, ) COOK COUNTY

)

)

)

BOARD OF ELECTION COMMISSIONERS OF THE )

CITY OF CHICAGO; LANGDON D. NEAL, )

Chairman/Commissioner; RICHARD A. COWEN,)

Commissioner; THERESA M. PETRONE, )

Commissioner; and CLARA SIMMS-JOHNSON, )

Objector, ) HONORABLE

) MICHAEL J. MURPHY,

Defendants-Appellees. ) JUDGE PRESIDING.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, William "Mr. D." Delay, filed the instant action seeking judicial review of a decision of the Board of Election Commissioners of the City of Chicago (Board) finding that his nomination papers as a candidate for the office of Republican Ward Commit­teeman for the 5th Ward were invalid and ordering that his name not appear on the official ballot for the March 21, 2000, election.  The circuit court confirmed the Board's decision, and this appeal followed.  For the reasons stated herein, we now reverse the order of the circuit court, set aside the Board's decision finding the plaintiff's nomination papers to be invalid and ordering that the plaintiff's name not appear on the March 21, 2000, ballot, and remand this matter to the Board.

The facts of this case are undisputed.  The plaintiff filed nomination papers as a candidate for the office of Republican Ward Commit­teeman for the 5th Ward of the City of Chicago.  Thereafter, and within the time provided by statute (see 10 ILCS 5/10-8 (West 1998)), Clara Simms-Johnson (Johnson) filed objections to those nomination papers, complaining that they contained insufficient signatures and that the plaintiff was ineligible to be a candidate by reason of his 1985 felony conviction.  The Board assigned the matter to a hearing officer.  The hearing officer found that the plaintiff's nomination papers had more than the minimum number of required signatures but recommended that the Board find him ineligible to be a candidate by reason of his 1985 conviction and order that his name not appear on the ballot.  After the hearing officer issued his recommendations, the plaintiff asked to address the Board pursuant to Rule 20 of the Board's rules of procedure.

When the matter came before the Board, the plaintiff appeared by counsel as did Johnson.  As the plaintiff's attorney was addressing the matter of the plaintiff's 1985 felony conviction, the Board's chairman began inquiring as to whether the plaintiff has been an "outstanding citizen" since that conviction.  The plaintiff's attorney responded that he had.  After the plaintiff's attorney addressed the Board, Johnson's attorney did so.  Before addressing the effect of the plaintiff's 1985 felony conviction on his right to be a candidate, Johnson's attorney stated:

"I would just like to point out while I understand that no new evidence is suppose [
sic
] to be introduced, I would like to indicate that Mr. Delay has not been such an outstanding citizen.  In fact, Mr. Delay is scheduled for sentencing in the Circuit Court currently for an insurance fraud scheme that went on for over 10 years."

After Johnson's attorney completed his argument, several of the Board's commissioners asked questions.  The chairman inquired as to the status of the plaintiff's scheduled sentencing and was informed that it was set for the first week in March.  Johnson's attorney candidly admitted, however, that this new criminal matter "was not pled in the objections."  The plaintiff's attorney immediately objected to any discussion of the new criminal case.  That objection was not sustained and further inquiry into the matter proceeded. 

The Board issued its written "Findings and Decision" on February 1, 2000.  In that decision, the Board found that the plaintiff's nomination papers contained the minimum number of valid signatures and that his 1985 felony conviction did not render him ineligible to be a candidate for the office of Republican Ward Commit­teeman for the 5th Ward.  The Board also found, however, that, due to the plea agreement into which the plaintiff had entered, admitting the commission of a felony, and under which he was scheduled to be sentenced, he is ineligible to be a candidate.  Based upon its findings relating to the plaintiff's then pending plea agreement, the Board declared his nomination papers to be invalid and ordered that his name not be printed on the ballot for the March 21, 2000, election.

The plaintiff filed a timely petition in the circuit court for review of the Board's decision pursuant to section 10-10.1 of the Election Code (10 ILCS 5/10-10.1 (West 1998)).  The Board and its commissioners moved to dismiss the petition for lack of jurisdiction, and the circuit court granted the motion on February 23, 2000.  This court reversed the dismissal order on March 7, 2000, and remanded the matter to the circuit court.  See 
Delay v. Board of Election Commissioners of the City of Chicago
, No. 1-00-0565 (Ill. App. March 7, 2000)).  On remand, the circuit court confirmed the Board's decision, and this appeal followed.

The plaintiff raises a number of issues in support of his assertion that circuit court's order confirming the Board's decision should be reversed and the Board's decision set aside.  Because we deem it dispositive, we will first address his argument that the Board lacked the authority to invalidate his nomination papers on a ground not raised in Johnson's objection.  The Board claims that the issue is properly defined as whether it has the right to consider matters of public record, such as, in this case, the plaintiff's plea agreement.  This issue, however, would be relevant only if we found that the plaintiff's plea agreement was a valid basis on which the Board could invalidate the nomination papers.  As we find that it was not, we need not address the question framed by the Board.

The Board argues that it has the right to consider evidence relating to matters beyond those specifically raised in objections to a candidate's nomination papers, citing 
Fortas v. Dixon
, 122 Ill. App. 3d 697, 462 N.E.2d 615 (1984) in support of that proposition.  We have no quarrel with the holding in 
Fortas
 or its progeny (see 
Huskey v. Municipal Officers Electoral Board
, 156 Ill. App. 3d 201, 509 N.E.2d 555 (1987); 
Canter v. Cook County Officers Electoral Board
, 170 Ill. App. 3d 364, 523 N.E.2d 1299 (1988)).  We do not believe, however, that the holdings in those cases are applicable in the factual context of the case before us.

In 
Fortas
, the electoral board was presented with an objection which contended, 
inter
 
alia
, that certain of the signatures on the candidate's nominating petitions were invalid.  During a hearing on the objections, evidence was uncovered that someone other than the person signing the circulator's oath had, in fact, circulated certain of the sheets of the petition.  
 Fortas
, 122 Ill. App. 3d at 699-700.  In holding that the electoral board had a right to strike, on that basis, a sheet to which the objector had not specifically objected, this court quoted the trial court approvingly as follows: " 'when in the course of hearing objections to nominating papers, evidence beyond specific objections comes to the electoral board's attention, it cannot close its eyes and ears if evidence is relevant to the protection of the electoral process.'"  
Fortas
, 122 Ill. App. 3d at 701.

In 
Huskey
, an objection was filed claiming that certain specified signatures in the candidates nomination petitions were invalid.  The electoral board invalidated signatures other than those specified in the objection.  
Huskey
, 156 Ill. App. 3d at 203.  This court, relying upon 
Fortas
, upheld the electoral board's right to consider evidence relating to the validity of signatures other than those challenged in the objection.  
Huskey
, 156 Ill. App. 3d at 205-06.

In 
Canter
, the objector alleged that certain of the circulators' signatures appearing on the candidate's nominating petitions were not genuine and that certain of the other circulators' affidavits were false and perjurious, thereby reducing the number of valid signatures appearing on the petitions below the statutory minimum.  
Canter
, 170 Ill. App. 3d at 366.  Again, the electoral board invalidated certain signatures to which no objection had been made, and its action was affirmed. 
Canter
, 170 Ill. App. 3d at 367-68.

The common denominator in these three cases is that the evidence considered by the electoral board, or which should have been considered, although going to the validity of signatures which had not been specifically objected to, still went to the general objection that the candidate was called upon to answer, namely: whether his nominating petitions contained a sufficient number of valid signatures to satisfy the statutory minimum.  In this case, as stated, Johnson objected to the plaintiff's nomination papers on the grounds that the papers contained insufficient valid signatures and that the plaintiff was ineligible for candidacy by reason of his 1985 conviction.  Therefore, the evidence of the plaintiff's plea agreement was totally irrelevant to either of the grounds stated in Johnson's objection, a fact which Johnson's attorney readily admitted.

The Board is a creature of statute and may exercise only those powers conferred upon it by the legislature.  
Kozel v. State Board of Elections
, 126 Ill. 2d 58, 68, 533 N.E.2d 796 (1988).  Section 10-8 of the Election Code states that:

"Certificates of nomination and nomination papers *** being filed as required by this Code, and being in apparent conformity with the provisions of this Act, shall be deemed to be valid unless objection thereto is duly made in writing within 5 business days after the last day for filing the certificate of nomination or nomination papers ***."  10 ILCS 5/10-8 (West 1998).

That section of the Election Code goes on to require that the objectors' petition "shall state fully the nature of the objections to the certificate of nomination or nomination papers ***."  10 ILCS 5/10-8 (West 1998).  The Election Code does not authorize any amendments to objections (
Reyes v. Bloomingdale Township Electoral Board
, 265 Ill. App. 3d 69, 72, 640 N.E.2d 956 (1994)), and does not authorize an electoral board to raise its own objections to nominating petitions 
sua
 
sponte
.

In 
Fortas
, 
Huskey
, and 
Canter
, the basis for determining that the candidates' nominating petitions were invalid fell within the nature of the objection made.  In this case, however, the Board invalidated the plaintiff's nomination papers on a ground never raised in the objection, and in so doing, exceeded its statutory authority.

Circuit court order reversed; Board's decision set aside; cause remanded to the Board.

SOUTH and BARTH, JJ., concur.