THIRD DIVISION 

September 30, 1998

1-97-3805 )

1-97-3806 )

1-97-3807 )

MARIE C. BILL and SUSAN M. BECKER, 

Plaintiffs-Appellants,

v.

EDUCATION OFFICERS ELECTORAL BOARD OF COMMUNITY CONSOLIDATED SCHOOL DISTRICT No. 181, and ANNA BRANTA MUELLER; DEBORAH M. TYRELL, a/k/a DEBORAH TYRELL   and STEVEN LIPSTEIN; and KEVIN CONNOR, a/k/a KEVIN C. CONNOR.  

Defendants-Appellees.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Raymond Jagielski,

Judge Presiding.

JUSTICE LEAVITT delivered the opinion of the court:

The facts of the instant case are undisputed.  On August 18, 1997, defendants Anna Branta Mueller, Deborah Tyrell, Steven Lipstein and Kevin Connor filed nomination papers as candidates for the office of Member of the Board of Education of Community Consolidated School District 181.  Plaintiffs Susan M. Becker and Marie C. Bill lodged objections to the nominating petitions of each of the defendants in accordance with 10-8 of the Election Code (Code) 10 ILCS 5/10-8 (West 1996).  

Moving under Section 10-9 of the Code, the Electoral Board, comprised of  Peter R. Metz, William Oelman and David Hendrix, conducted hearings from September 9, 1997, to September 22, 1997, with respect to each plaintiffs' objections (however, it should be noted that David Hendrix abstained from voting during these hearings).  On September 22, 1997, the Education Officers Electoral Board of Community Consolidated School District No. 181 (Electoral Board) issued its decision overruling plaintiffs' objections.  The Electoral Board's decision was signed only by Metz, in his capacity as Chairperson of the Electoral Board.  Consequently, each of the defendants' names appeared on the election ballot for the November 4, 1997, nonpartisan election.

Ten days later, on October 2, 1997, plaintiffs filed multiple petitions in the circuit court seeking judicial review of the Electoral Board's decision with respect to their objections.  In both the caption and body of these petitions, the candidates and the Electoral Board were named and joined as defendants.  However, the individual members of the Electoral Board (Metz, Oelman and Hendrix) were neither named nor joined as parties in either the petition caption or the body of the petition.  Plaintiffs did successfully serve the Secretary of Community Consolidated School District No. 181, Hendrix, but they failed to serve the other two board members individually.       

Six days later, on October 8, 1997, defendants' filed a motion to dismiss under section 2-619 of the Code of Civil Procedure (West 1996), arguing the circuit court no longer retained subject matter jurisdiction over this proceeding due to plaintiffs' failure to strictly comply with section 10-10.1 of the Code.  Specifically, plaintiffs failed to individually name and serve the Electoral Board members.  Plaintiffs maintained they were in compliance with Section 10-10.1  since they named and served both the Electoral Board and individual candidates in their petition for judicial review.  Alternatively, plaintiffs argued that under the Administrative Review Law they were entitled to amend their petition seeking judicial review in the event it was defective.  See 735 ILCS 5/3-103 
et
 
seq
. (West 1997). The circuit court disagreed, and on October 15, 1997, defendants' motion to dismiss was granted, the circuit court holding it lacked subject matter jurisdiction due to plaintiffs' failure to strictly comply with section 10-10.1 of the Code.

Plaintiffs timely filed their appeal on October 16, 1997, and then on October 17 moved to consolidate their petitions for judicial review on an expedited basis.  The circuit court consolidated plaintiffs' petitions but denied the request to expedite this matter.  Defendants then moved to dismiss plaintiffs' appeal, citing 
Russ v. Hoffman
, 288 Ill. App. 3d 281, 681 N.E.2d 519, (1997), for the proposition that our Court did not have subject matter jurisdiction.  This motion was denied, and on November 4, 1997, Mueller, Lipstein and Connor were elected as members of Community Consolidated School District No. 181.  Tyrell was not elected.

The following appeal was consolidated for defendants Mueller, Lipstein, Tyrell and Conner, since each petition for judicial review regarding each defendant arose from the same set of facts and centers around the same issue of law.  However, it is noted that counsel for defendants in the instant case, filed this brief in representation of defendants Tyrell, Conner and Lipstein only.

Generally, cases involving review of an electoral board decision require this Court to ascertain whether the findings of the electoral board are against the manifest weight of the evidence.   
King v. Justice Party
, 284 Ill. App. 3d 886, 888, 672 N.E.2d 900, 902 (1996).  Where questions of law arise, as is the case here, a 
de
 
novo
 standard review shall apply.   
Zapolsky v. Cook County Officers Electorial Board
, 296 Ill. App. 3d 731, 733, 695 N.E.2d 1329 (1998); 
Anderson v. McHenry Township
, 289 Ill. App. 3d 830, 832, 682 N.E.2d 1133 (1997).

The crux of the issue in the instant case is whether plaintiffs' failure to name and serve the individual members of the Electoral Board deprived the circuit court of subject matter jurisdiction.  The circuit court has no inherent authority to review election contests.  
Allord v. Municipal Officers Electoral Board
, 288 Ill. App. 3d 897, 900, 682 N.E.2d 125, 128 (1997).  In fact, a circuit court may only exercise jurisdiction over a proceeding such as an election contest when such authority is conferred by statute.  
Allord
, 288 Ill. App. 3d at 900.  A party's failure to strictly adhere to the language of the conferring statute will deprive the circuit court of its subject matter jurisdiction.  
Allord
, 288 Ill. App. 3d at 900.

In the instant case, plaintiffs appeal from the Electoral Board's decision to overrule their objections to defendants' nomination petitions.  When reviewing an election contest, a circuit court is conferred jurisdiction by Section 10-10.1 of the Election Code, which states in pertinent part:

"except as otherwise provided in this section, a candidate or objector aggrieved by the decision of an electoral board may secure judicial review of such decision in the circuit court of the county in which the hearing of the electoral board was held.  The party seeking judicial review must file a petition with the clerk of the court within 10 days after the decision of the electoral board.  ***  The petitioner shall serve a copy of the petition upon the electoral board and other parties to the proceeding by registered or certified mail and shall file proof of service with the clerk of the court." 10 ILCS 5/10-10.1 (West 1996) 

In examining section 10-10.1, it is evident there exist four distinct requirements that must be complied with in order to properly confer jurisdiction upon the circuit court.  First, a challenging petition must be filed with the clerk of the court within 10 days after the electoral board issues its decision.  Second, the petition shall state briefly the reasons why the board's decision should be reversed.  Third, the petitioner shall serve copies of the petition upon the electoral board and other parties to the proceeding by registered or certified mail.  Fourth and finally, the petitioner shall file proof of service with the clerk of the court.  
Allord
, 288 Ill. App. 3d at 901.  Failure of a party to comply with any of the foregoing requirements when appealing an electoral board decision invites dismissal via section 2-619 (West 1996), for lack of subject matter jurisdiction. 

On its face section 10-10.1 of the Election Code requires service upon the electoral board and "other parties."  10 ILCS 5/10-10.1 (West 1996).  Plaintiffs first contend the circuit court erred in determining that individual board members are necessary parties under section 10-10.1 of the Code.  However, in 
Russ
, this Court specifically held that "[t]he failure to name the Electoral Board and its individual members deprived the circuit court of subject matter jurisdiction ."  
Russ
, 288 Ill. App. 3d t 284.  We reject plaintiffs' suggestion that 
Russ
' holding regarding individual members of the Board being necessary parties was 
dictum
.  The fact that plaintiffs in that case failed to serve either the electoral board itself or its individual members does not make the court's holding regarding the importance of naming and serving individual board members mere 
dictum
.  Since this Court has previously ruled on the very issue now before us, we decline plaintiffs' invitation to engage in an analysis that compares the instant case to cases involving the Human Rights Commission and Supreme Court Rule 335(a) (134 Ill.2d R. 335 (a). 
See 
Lake County Board of Review v. Property Tax Appeal Board
, 192 Ill. App. 3d 605, 617, 548 N.E.2d 1129 (1989)(stating where a statute has already been judicially interpreted, 
stare decisis
 is a consideration heavily weighed); 
McClintock v. Bi-State Development Agency
, 228 Ill. App. 3d 382, 385, 591 N.E.2d 967, 970 (1992).   
    

Plaintiffs point out that 
Russ
, in large part, turned on the fact that the individual members of the Brookfield Municipal Officers Electoral Board each signed the Board's decision.  It is on this basis that plaintiffs argue the instant case is substantively different from 
Russ
, since all the signatures from the board members did not appear on the board's written decision.  Such a reading of 
Russ
 is overly narrow.  The signatures in 
Russ
 were important because they were representative of those who participated in the electoral board's decision; however, appellants should be forewarned that the presence of signatures cannot solely be relied upon in determining who is a necessary party.
  See 
Fayhee v. State Board of Elections of State
, 295 Ill. App. 3d 392 (1998) (board of elections chairman whose signature appeared on an electoral board's order was deemed not a necessary party when he was neither a "party of record" nor was he a party statutorily empowered to render a decision that could adversely affect the plaintiff). 

In the case at bar, individual Electoral Board members Peter Metz, William Oelman and David Hendrix all enjoy statutorily conferred authority under the Election Code that allows for the issuance of a decision capable of adversely affecting petitioners.  See 10 ILCS 5/10-10.1 (West 1996).  Although Peter Metz's signature appeared alone on the Board's written order, this decision was clearly reached by a vote of the Board.  Such a vote in the instant matter was conducted by a roll call.  The written order of this Electoral Board reflects the decision of its members who are necessary parties.  These individuals render decisions that determine the rights and liabilities of the par
ties involved in this administrative adjudication.  Perhaps the legislature could have made it easier on those seeking to appeal a decision of the Electoral Board by requiring that all Board members affix their signatures to an order.  However, this is not required by the present legislation and, thus, it becomes the burden of a plaintiff to go beyond the order to determine the necessary parties that need be served.  Therefore, appellants are well advised to serve and notify all those who could be deemed necessary parties in order to perfect their appeal.  Failure to exercise abundant caution in this matter compels the termination of an appellant's case even before it has begun.  Such is the unfortunate consequence in the instant matter, and in light of the foregoing reasoning, this Court must reject plaintiff's attempt to distinguish 
Russ
.  Consequently, plaintiffs' failure to name and serve the individual members of the Board deprived the circuit court, and consequently this Court, of subject matter jurisdiction over these proceedings.     

Petitioners next assert that assuming 
arguendo
 their petition for judicial review was defective, they should still be allowed to amend their petition under the Administrative Review Law.  735 ILCS 5/3-101 
et
 
seq
. (West 1996).  As of June 1, 1997, the Administrative Review Law was amended for the benefit of plaintiffs.  Specifically, section 3-107(a) now allows for a 21-day window in which a party may amend its complaint when
 it is determined that a "party of record" to the administrative proceedings was not made a defendant as required by the first paragraph of section 3-107(a), and where that party was not named by the administrative agency in its final order as a party of record.  
Bunell v. Civil Service
, 295 Ill. App. 3d 97 (1998).  Similarly, Section 5/3-105 now prohibits dismissal of an action for administrative review due to a lack of jurisdiction "based upon the failure to serve summons on an employee, agent, or member of an administrative agency, board, committee, or government entity acting in his or her official capacity, where the administrative agency, board, committee, or government entity have been served as provided in this Section."  735 ILCS 5/3-105 (West 1996); 
Bunell
, 295 Ill. App. 3d at 100.  It would appear that if the Administrative Review Law were to govern the review of electoral board decisions under section 10-10.1, plaintiffs should have been granted the opportunity to amend their complaint.  However, the Administrative Review Law does not govern the review of Electoral Board decisions and, therefore, fails to provide relief for plaintiffs.  

As previously discussed, it is well established that the judicial review of an electoral board decision under section 10-10.1 of the Code exits because it is provided for by statute.  
Johnson v. Theis
, 282 Ill. App. 3d 966, 971, 669 N.E.2d 590, 594 (1996); 
Kozel v. State Board of Elections
, 126 Ill. 2d 58, 69, 533 N.E.2d 796 (1988).  Thus, the special statutory jurisdiction that the court enjoys is only as great as the language found in the statute that originally conferred such jurisdiction.  
Theis
, 282 Ill. App. 3d at 971.  This being the case, it is critical to recognize that the Administrative Review Law only applies where it is adopted by express reference in the act creating or conferring power upon the administrative agency involved.  
Rochon v. Rodriguez
, 293 Ill. App. 3d 952, 954, 689 N.E.2d 288 (1997); 
Board of Education v. Armstead
, 279 Ill. App. 3d 922, 927, 665 N.E.2d 409 (1996).  For example, disputes arising over campaign contributions or expenditure disclosures under the code as found in section 9-22 (West 1996), the Election Code states:

"Any party to a Board hearing, any person who files a complaint on which a hearing was denied or not acted upon within the time specified in Section 9-21 of this Act, and 
any party adversely affected by a judgment of the Board may obtain judicial review, which shall be governed by the provisions of the Administrative Review Law, as amended
, and all amendments and modifications thereof and the rules adopted pursuant thereto, except that ***. "(Emphasis added.)"

  

As is evident from the foregoing language, when the legislature intends for the Administrative Review Law to control appeals from electoral board decisions, it explicitly provides for it through express incorporation.  Similarly, section 17-33 of the code governing conduct of elections and making returns, reads in pertinent part:

"Any dispute regarding the amount of election expenses billed to a political subdivision under this Section shall be arbitrated by the State Board of Elections.  The decision of the State Board of Elections in such an arbitration shall be enforceable against both the political subdivision and the county, 
and such decision shall be a final administrative decision for purposes of review under the Administrative Review Law
."  10 ILCS 5/17-33 (West 1996).

In examining section 10-10.1 of the Code, there exists no similar express language indicating that the Administrative Review Law should apply to the judicial review of Electoral Board decisions.  Moreover, plaintiffs do not assert as much.  In fact, the only place the Administrative Review Law does apply with respect to section 10.1 of the Code is where a party is aggrieved by a decision rendered by the electoral board regarding section 18-120 of the Property Tax Code (35 ILCS 200/18-120 (West 1996)).  See 10 ILCS 5/10-10.1 (West 1996); 
Fayhee v. State Board of Elections
, 295 Ill. App. 3d 392.  Thus, the Administrative Review Law will not dictate what procedural requirements must be followed in order to appeal a decision rendered by the Electoral Board.  See 
Allord
, 288 Ill. App. 3d at 903 (holding that although not directly applicable to the Election Code the Administrative Review Law may be consulted); but see 
Russ
, 288 Ill. App. 3d at 283.   

In 
Allord
, several candidates from a new political party filed nomination petitions with the purpose of running for each office in the Village of South Chicago Heights.  Objections to these petitions were filed before the electoral board and overruled.  The board's decision was appealed in a petition for judicial review pursuant to section 10.1 of the Election Code.  10 ILCS 5/10-10.1 (West 1996).  The petitions for judicial review were served upon the electoral board and its individual members but not upon the individual candidates themselves or the Cook County clerk.  The electoral board moved to dismiss the plaintiff's petition for judicial review under section 2-619 of the Code of Civil Procedre. (735 ILCS 5/2-619 (West 1996)).   The electoral board asserted that a fatal jurisdictional defect occurred when petitioner filed his petition without having named or served the candidates or the county clerk within section 10-10.1's statutorily prescribed 10 days.  Plaintiff subsequently moved for leave so that he could add the candidates as respondents to the petition.

With the 10-day time period having already passed, the court ruled that petitioner failed to vest the circuit court with subject matter jurisdiction at the only time it could have vested under section 10-10.1.  
Allord
, 288 Ill. App. 3d at 901-02.  The court further reasoned that the legislative intent behind section 10-10.1 was to facilitate service 
"promptly so as to permit an actual opportunity to answer within this short 10 day period, considering an impending election."  
Allord
, 288 Ill. App. 3d at 903.

Similar to 
Allord
, petitioners precluded the circuit court from retaining subject matter jurisdiction over their petition for judicial review.  Whereas the petitioner in 
Allord 
failed to name and serve the actual candidates in his petition for judicial review, petitioners in the case at bar failed to serve individual Electoral Board members.  Both groups are considered necessary parties.  
Allord
, 288 Ill. App. 3d at 903 (holding that both the electoral board and other parties are indispensable, albeit for different reasons -- the board itself is indispensable because as a neutral decision maker it is responsible for providing the circuit court with the necessary information to render a decision, whereas other parties such as the candidates remain indispensable because their interests are at stake as they stand to be stricken from the ballot); 
Orlowski v. Village of Villa Park Board of Fire & Police Commissioners
, 273 Ill. App. 3d 42, 652 N.E.2d 366 (1995) (holding that individual members of the Villa Park board were parties of record and were required to be named in plaintiff's complaint for administrative review).  

Although useful for consultation when interpreting terms used in the Election Code, the Administrative Review Law has no direct bearing upon the clearly drawn procedural mechanisms that must be followed when an electoral board decision is appealed under section 10.1-10.1 (10 ILCS 5/10-10.1 (West 1996)).  As in 
Allord
, petitioners failed to comply with section 10-10.1's jurisdictional prerequisite of filing a proper petition for judicial review that includes naming and serving all necessary parties within 10 days.  This failure constitutes a fatal jurisdictional defect that results in depriving the circuit the court of subject matter jurisdiction.   Thus, this Court is now required to affirm the order of the circuit court and dismiss this appeal.

Order affirmed; appeal dismissed.

Cahill and Burke, JJ., concur.