FOURTH DIVISION

FILED: 3/07/00

No.  1-00-0565

WILLIAM ("MR. D.") DELAY, ) APPEAL FROM THE

) CIRCUIT COURT OF

Plaintiff-Appellant, ) COOK COUNTY

)

)

)

BOARD OF ELECTION COMMISSIONERS OF THE )

CITY OF CHICAGO; LANGDON D. NEAL, )

Chairman/Commissioner; RICHARD A. COWEN,)

Commissioner; THERESA M. PETRONE, )

Commissioner; and CLARA SIMMS-JOHNSON, )

Objector, ) HONORABLE

) MICHAEL J. MURPHY,

Defendants-Appellees. ) JUDGE PRESIDING.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, William "Mr. D." Delay, filed the instant action seeking judicial review of a decision of the Board of Election Commissioners of the City of Chicago (Board) finding that his nomination papers as a candidate for the office of Republican Ward Commit­teeman for the 5th Ward of the City of Chicago were "not valid" and ordering that his name not appear on the official ballot for the March 21, 2000, election.  The circuit court dismissed the plaintiff's action for lack of subject matter jurisdiction, and this appeal followed.  For the reasons stated herein, we now reverse the order of the circuit court and remand this action for further proceedings.

The facts of this case are undisputed.  After the plaintiff filed his nomination papers with the Cook County Clerk, Clara Simms-Johnson (hereinafter referred to as the "objector") filed timely objections to those nomination papers.  The Board, con­

sisting of Langdon D. Neal, Richard A. Cowen, and Theresa M. Petrone (collectively referred to as the "commis­sioners"), held hearings on those objections.  On February 1, 2000, the Board issued its written decision signed by each of the commissioners.

On February 9, 2000, the plaintiff filed the instant action pursuant to section 10-10.1 of the Election Code (10 ILCS 5/10-

10.1 (West 1998)), seeking a reversal of the Board's deci­sion.  The petition named the Board, the commissioners, and the objector as defendants.  On the same day that he filed his petition, the plaintiff placed summons for service upon all of the defendants with the sheriff of Cook County.  The record in this case does not contain any returns of service by the sheriff, but the Board and the commissioners acknowledge in their brief that they were served with a summons and copy of the petition for judicial review by the sheriff on February 17, 2000.  Nothing in the record allows us to determine if the objector was ever served by the sheriff, but the record does reflect that she appeared in court on Febru­ary 14, 2000, at the time that the plaintiff's motion for an expedited briefing schedule was heard.

On February 17, 2000, the Board and the commissioners filed both an appearance and a motion to dismiss the petition pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 1998)), arguing that the court lacked jurisdiction by reason of the plaintiff's failure to serve the defendants with a copy of the petition by certified or registered mail within 10 days after the Board issued its decision.  On that same day, after the Board and the commis­sioners filed their motion to dismiss, the plaintiff placed copies of the petition for judi­cial review in the United States mail for delivery to each of the defendants­ by certified mail.  On February 18, 2000, the plaintiff filed a "Proof of Ser­vice" with the clerk of the court.  The record does not contain receipts evidencing delivery of the certified mail to any of the defendants­, but it does contain admissions by the Board and the commissioners that they received copies of the petition by certified mail on Febru­ary 18, 2000, and evidence that the objector received her copy via certified mail on February 19, 2000.

On February 23, 2000, the circuit court ruled on the motion to dismiss filed by the Board and the commissioners.  The court found that:

"Sec­tion 10-10.1 of the Election Code requires that the party seeking review must serve a copy of the petition for judicial review upon the electoral board and other parties to the proceeding by certified or registered mail within 10 days of the date of the electoral board's decision by placing it in the mail *** within 10 days of the electoral board decision."

In the alternative, the court found that, even if section 10-10.1 does not require the filing of a proof of service within 10 days of the issuance of the electoral board's decision, a party seeking judicial review is, nevertheless, re­quired to serve a copy of the petition "promptly."  After determining that the plaintiff failed to comply under either alternative, the circuit court dismissed the peti­tion for lack of subject­ matter jurisdiction.

In urging reversal, the plaintiff contends, 
inter
 
alia
, that the trial court erred in finding that he was required to serve a copy of his petition on the Board and the other defendants­ within 10 days of the date of the Board's decision and also in finding that he failed to serve the defendants promptly.  In addressing these issues, the parties all appear to rely upon this court's decision in 
Allord v. Municipal Officers Electoral Board
, 288 Ill. App. 3d 897, 682 N.E.2d 125 (1997).  The Board and the commissioners argue, as they did before the circuit court, that 
Allord
 stands for the proposition that, in order to invoke the court's jurisdiction to review the decision of an electoral board pursuant to section 10-10.1 of the Election Code, the plaintiff must file his petition for judicial review within 10 days after the electoral board's decision is issued and must 
serve that petition by registered or certified mail upon the electoral board and other parties to the proceeding within that same 10-day period
.  For his part, the plaintiff argues that 
Allord
 holds that a petition for judicial review must be served within 10 days of its filing, not within 10 days of the issuance of the electoral board's decision.  We agree with the plaintiff.

Section 10-10.1 of the Election Code provides in pertinent part as follows:

"Except as otherwise provided in this Section, a candidate or objector aggrieved by the decision of an electoral board may secure judicial review of such decision in the circuit court of the county in which the hearing of the electoral board was held.  The party seeking judicial review must file a petition with the clerk of the court within 10 days after the decision of the electoral board.  The petition shall contain a brief statement of the reasons why the decision of the board should be reversed.  The petitioner shall serve a copy of the petition upon the electoral board and other parties to the proceeding by registered or certified mail and shall file proof of service with the clerk of the court.  No answer to the petition need be filed, but any answer must be filed within 10 days after the filing of the petition.

The court shall set the matter for hearing to be held within 30 days after the filing of the petition and shall make its decision promptly after such hear­

ing."  10 ILCS 5/10-10.1 (West 1998).

In 
Allord
, the court held that:

"section 10-10.1 includes four explicit requirements that must be met before the circuit court may obtain jurisdiction over the case: (1) a challenging petition must be filed with the clerk of the court within 10 days after the electoral board issues its decision; (2) the petition shall state briefly the reasons why the board's decision should be reversed; (3) the peti­tioner shall serve copies of the petition upon the electoral board and other parties to the proceeding by registered or certified mail; and (4) the petitioner shall file proof of service with the clerk of the court."  
Allord
, 288 Ill. App. 3d at 901.

The court went on to find that service of the petition must be made "promptly" so as to permit an actual opportunity for a defendant to answer the petition within the short time period provided in section 10-10.1.  
Allord
, 288 Ill. App. 3d at 902-03.  Contrary to the assertion of the Board and the commissioners, though, the 
Allord
 court did not hold that service of the petition must be effectuated within 10 days after the issuance of the electoral board's decision.  Rather, the court stated that: "Allord's failure to include five candidates in his original petition, 
or to serve them with notice of the petition within 10 days of filing it
, precluded the circuit court from exercising jurisdiction over the election contest." (Emphasis added.)  
Allord
, 288 Ill. App. 3d at 904.

The holding in 
Allord
 could not be clearer; the petition must be served within 10 days of its filing.  We are not unmindful that another division of this appellate district has interpreted 
Allord
 to hold that the circuit court is deprived of subject matter jurisdiction in circumstances where a plaintiff fails to "comply with section 10-10.1's jurisdictional prerequisite of filing a proper petition for judicial review that includes 
naming and serving
 all necessary parties within 10 days."  (Emphasis added.)  
Bill v. Education Officers Electoral Board
, 299 Ill. App. 3d 548, 556, 701 N.E.2d 262 (1998).  To the extent that this sentence from the opinion in 
Bill
 stands for the proposition that the petition for review must be both filed and served within 10 days after the issuance of the electoral board's decision, we decline to follow it.  Such an interpretation imposes a service requirement which fails to find support in the holding in 
Allord
 or in the language of section 10-10.1 of the Election Code.

Our reading of both the statute and 
Allord
 leads us to conclude that a proper petition for judicial review must be filed within 10 days after the electoral board issues its decision (10 ILCS 5/10-10.1 (West 1998)) and must be served on the electoral board and all other parties to the proceeding by registered or certified mail within 10 days after the filing of the petition (
Allord
, 288 Ill. App. 3d at 904).  In this case, the undisputed facts reveal that: 1) the plaintiff filed his petition for judicial review with the clerk of the court within 10 days after the Board issued its decision; 2) the petition states the reasons why the plaintiff asserts that the Board's decision should be reversed; 3) the plaintiff served copies of the petition upon the Board and all other parties to the proceeding via certified mail within 10 days of the filing of the petition; and 4) the plaintiff filed a proof of service with the clerk of the court.  In sum, the plaintiff complied with each of the requirements of section 10-10.1 of the Election Code.  Consequently, we find that the trial court erred in dismissing this cause for lack of subject matter jurisdiction.  To the extent that the trial court's alternative finding that the plaintiff failed to serve the defendants "promptly" could be understood as setting forth a basis for dismissal other than a lack of subject matter jurisdiction, we find that dismissal on that basis was also in error.  Nothing in section 10-10.1 of the Election Code or the holding in 
Allord
 supports the notion that an action for judicial review is subject to dismissal by reason of a failure to serve the defendants "promptly" when they are served with a copy of the petition by certified or registered mail within 10 days of the filing of the petition.

For these reasons, we reverse the trial court's order dismissing this action and remand the cause to the circuit court for further proceedings.

Reversed and remanded.

SOUTH and BARTH, JJ., concur.