# Illinois Official Reports

## Appellate Court

---

### *Solomon v. Ramsey*, 2014 IL App (1st) 140339

---

| | |
|---|---|
| Appellate Court Caption | McSTEPHEN O.A. "MAX" SOLOMON, Petitioner-Appellant, v. BENJAMIN RAMSEY, AL RILEY, STATE OFFICERS ELECTORAL BOARD, BRYAN A. SCHNEIDER, JUDITH C. RICE, WILLIAM M. McGUFFAGE, ERNEST L. GOWEN, BETTY J. COFFRIN, HAROLD D. BYERS, CHARLES W. SCHOLZ and JESSE R. SMART, Chairman, Respondents-Appellees. |
| District & No. | First District, Third Division<br>Docket Nos. 1-14-0339, 1-14-0340 cons. |
| Filed | March 31, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Petitioner's action seeking judicial review of respondent electoral board's decision removing him from the ballot in a primary election to nominate a candidate for the office of Representative in the Illinois General Assembly was properly dismissed for lack of subject matter jurisdiction based on petitioner's failure to comply with section 10-10.1(a) of the Election Code when he used the outdated letterhead on the notices he received from the board concerning the objections to his nominating petitions that incorrectly listed the names of the individual board members as a basis for serving his petition for judicial review on the board, notwithstanding his reliance on the doctrine of detrimental reliance to excuse his failure to name a necessary party, since the outdated letterhead was the result of an unauthorized act of a ministerial officer, not an act of the board that would justify invoking the doctrine. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 14-COEL-002, 14-COEL-003; the Hon. James A. Zafiratos, Judge, presiding. |

| Judgment | Affirmed. |
|---|---|
| Counsel on Appeal | McStephen O.A. Solomon, of Hazel Crest, appellant *pro se*. |
| | Lisa Madigan, Attorney General (Timothy K. McPike, Assistant Attorney General, of counsel), and Michael J. Kasper, both of Chicago, for appellees. |
| Panel | JUSTICE PUCINSKI delivered the judgment of the court, with opinion. Justices Fitzgerald Smith and Mason concurred in the judgment and opinion. |

**OPINION**

¶ 1    This case arises from the nominating petition objection process for the March 18, 2014 primary election for the Democratic Party's nomination for the office of Representative in the Illinois General Assembly for the 38th District. Following decisions of the State Officers Electoral Board (Electoral Board or Board) to remove petitioner McStephen O.A. "Max" Solomon (Solomon or petitioner) from the ballot, and to allow the incumbent candidate's name to remain on the ballot, Solomon filed petitions for judicial review in the circuit court. The circuit court, however, dismissed his petitions for judicial review for lack of subject matter jurisdiction. Solomon contests the circuit court's ruling on appeal. For the reasons set forth herein, we affirm the judgment of the circuit court.

¶ 2                                    I. BACKGROUND

¶ 3    On November 25, 2013, Solomon filed nomination papers to seek the Democratic nomination for the office of Representative in the General Assembly from the 38th Representative District in the upcoming March 18, 2014, primary election. In an effort to seek reelection, respondent Al Riley, the incumbent, also filed nomination papers. Thereafter, on December 5, 2013, Solomon filed an objection to Riley's nomination papers, arguing that the incumbent's name should be removed from the ballot because he filed signatures in excess of the statutory maximum. On December 9, 2013, an objection to Solomon's nomination papers was filed by respondent Benjamin Ramsey. The basis for the objection was Ramsey's assertion that Solomon failed to obtain the requisite number of minimum signatures to qualify for the ballot.

¶ 4    After receiving both objections, the Electoral Board sent Solomon two letters, dated December 5, 2013, and December 9, 2013, respectively, notifying him that it would be

meeting to consider both objections. The letterheads of both letters identified the individual Board members as: "Jesse R. Smart, Chairman, Charles W. Scholz, Vice President, Harold D. Byers, Betty J. Coffrin, Ernest L. Gowen, William M. McGuffage, Judith C. Rice, Bryan A. Schneider." Unbeknownst to Solomon, the letterhead was outdated, as it included the name of former Board member, Judith C. Rice, instead of current Board member Casandra B. Watson. Watson had replaced Rice as a Board member on July 1, 2013.

¶ 5    On December 17, 2013, the Board presided over hearings to determine the validity of both objections. Solomon ultimately lost both decisions before the Board. As a result, Solomon's name was removed from the ballot, while incumbent Al Riley's name was retained on the ballot. The transcripts of the hearings correctly identify each of the Board members who took part in the decisions, including Casandra B. Watson.

¶ 6    On January 13, 2014, following the Electoral Board's rulings, Solomon filed petitions in the circuit court seeking judicial review of both of the Board's decision's. In the petitions, Solomon identified respondents as Benjamin Ramsey, Al Riley, the Electoral Board, and seven of the eight individuals who comprised the Board. In reliance of the Board's letterhead, Solomon incorrectly named Judith C. Rice as a respondent rather than Casandra B. Watson, who was the member who actually took part in the Board's decisions. Solomon served Benjamin Ramsey, Al Riley and the Electoral Board with copies of his petitions seeking judicial review. He did not serve copies of his petitions to any of the individual Board members.

¶ 7    Respondents filed motions to dismiss Solomon's petitions for judicial review, and the matters were consolidated in the circuit court. In support of their motions, respondents alleged that Solomon failed to comply with section 10-10.1(a) of the Illinois Election Code, thereby depriving the circuit court of subject matter jurisdiction over Solomon's petitions for judicial review. 10 ILCS 5/10-10.1(a) (West 2012). In pertinent part, respondents observed that Solomon incorrectly named Judith C. Rice rather than Casandra B. Watson as a Board member. In addition, Solomon failed to serve the individual Electoral Board members.

¶ 8    The circuit court presided over a hearing on respondents' motions to dismiss. After hearing the arguments from both sides, the court granted respondents' motions to dismiss, explaining:

> "The only issue I have to address is the one of service. It was improper service under the statute. The board members were not given proper service. Just based on that alone, I don't have subject matter jurisdiction. I don't have to address anything else. With respect to the letterhead at this stage, the Court finds there was failure to perfect service as required under the First District and the First District case law. And for that reason, [the] motion [to dismiss] is granted."

¶ 9    This appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11    On appeal, Solomon urges this court to reverse the circuit court's finding that it lacked subject matter jurisdiction over his petitions for judicial review of the Electoral Board's decisions. Although he acknowledges that he improperly named one of the individual Board members, he argues that this error should be overlooked because the Board misrepresented and misidentified its individual members in the letters it sent to him prior to the hearing.

Solomon also acknowledges that he failed to serve the individual members of the Board, but argues that the service would have been duplicative since he served the Electoral Board, as an entity.

¶ 12    Respondents, in turn, argue that the circuit court correctly dismissed Solomon's appeals for lack of subject matter jurisdiction because he failed to properly name and serve all the necessary parties as required by the Illinois Election Code.

¶ 13    When a party seeks judicial review of an electoral board's decision, the resulting "proceeding is in the nature of administrative review." *Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 46. The issue as to whether a court has subject matter jurisdiction to review an electoral board's decision is an issue of law that is subject to *de novo* review. *Rivera v. City of Chicago Electoral Board*, 2011 IL App (1st) 110283, ¶ 19; see also *Bettis v. Marsaglia*, 2013 IL App (4th) 130145, ¶ 13.

¶ 14    It is well established that "[c]ourts have no inherent power to hear election contests, but may do so only when authorized by statute and in the manner dictated by statute." *Pullen v. Mulligan*, 138 Ill. 2d 21, 32 (1990); *Rivera*, 2011 IL App (1st) 110283, ¶ 20. Section 10-10.1(a) of the Illinois Election Code sets forth the procedure for interested parties to follow to seek judicial review of a decision of an electoral board. That provision, in pertinent part, sets forth "four explicit prerequisites to establish subject matter jurisdiction" (*Nelson v. Qualkinbush*, 389 Ill. App. 3d 79, 86 (2009)), and provides as follows:

> "§ 10-10.1.
>
> (a) Except as otherwise provided in this Section, a candidate or objector aggrieved by the decision of an electoral board may secure judicial review of such decision in the circuit court of the county in which the hearing of the electoral board was held. The party seeking judicial review must file a petition with the clerk of the court and must serve a copy of the petition upon the *electoral board* and other parties to the proceeding by registered or certified mail within 5 days after service of the decision of the electoral board as provided in Section 10-10. The petition shall contain a brief statement of the reasons why the decision of the board should be reversed. The petitioner shall file proof of service with the clerk of the court. No answer to the petition need be filed, but the electoral board shall cause the record of proceedings before the electoral board to be filed with the clerk of the court on or before the date of the hearing on the petition or as ordered by the court." (Emphasis added.) 10 ILCS 5/10-10.1(a) (West 2012).

¶ 15    Accordingly, based on the plain language of section 10-10.1(a), it is clear that a party contesting a decision of an electoral board must satisfy "four distinct requirements" to confer jurisdiction on the circuit court. *Bill v. Education Officers Electoral Board of Community Consolidated School District No. 181*, 299 Ill. App. 3d 548, 551 (1998). "First, a challenging petition must be filed with the clerk of the court within [five] days after the electoral board issues its decision. Second, the petition shall state briefly the reasons why the board's decision should be reversed. Third, the petitioner shall serve copies of the petition upon the electoral board and other parties to the proceeding by registered or certified mail. Fourth and finally, the petitioner shall file proof of service with the clerk of the court." *Id.*; see also *Rivera*, 2011 IL App (1st) 110283, ¶ 22; *Allord v. Municipal Officers Electoral Board*, 288 Ill. App. 3d 897, 901 (1997). In enacting section 10-10.1(a), the legislature did not include an explicit requirement to serve individual members of an electoral board; however, courts in

this district have interpreted the statutory language mandating service to "other parties" to impose a requirement to serve each of the individual members of the electoral board who issued the decision that a petitioner is seeking to be reviewed. *Bill*, 299 Ill. App. 3d at 552; *Russ v. Hoffman*, 288 Ill. App. 3d 281, 284 (1997); see also *Nelson*, 389 Ill. App. 3d at 87 (reiterating that "the Code requires that service must be effected on *both* the Board as the entity making the decision and its members who voted on the decision to obtain jurisdiction over them" (emphasis in original)). This court has also uniformly and consistently held that if a party fails to strictly abide by the requirements of this provision, subject matter jurisdiction over the election contest is not conferred upon either the circuit court or the appellate court. *Nelson*, 389 Ill. App. 3d at 86-87.

¶ 16        Here, there is no dispute that Solomon failed to strictly comply with the Election Code's jurisdictional requirements. Namely, he failed to identify as respondents each of the Electoral Board members who issued the decision removing him from the ballot and keeping Al Riley's name on the ballot. In particular, Solomon erroneously named Judith C. Rice, rather than Casandra B. Watson, as a Board member. In addition, Solomon failed to serve the individual Board members. This court has repeatedly held that such deficiencies fail to confer jurisdiction on both circuit and appellate courts to review election board decisions. See, *e.g.*, *Nelson*, 389 Ill. App. 3d at 90 (holding that the electoral candidate's failure to properly serve the electoral board with a petition seeking administrative review deprived circuit court of subject matter jurisdiction to review the board's decision); *Rivera*, 2011 IL App (1st) 110283, ¶ 36 (concluding that as a result of "petitioner's failure to comply with the strict service requirements of the Code regarding time and method of service, the trial court did not have subject matter jurisdiction over his petition for judicial review"); *Bill*, 299 Ill. App. 3d at 552-53 (finding that the petitioner's failure to name and serve the individual members of the electoral board deprived the circuit court of subject matter jurisdiction); *Allord*, 288 Ill. App. 3d at 903-04 (holding that the petitioner's failure to properly serve all of the interested parties precluded the circuit court from reviewing the electoral board's decision due to lack of subject matter jurisdiction).

¶ 17        We are mindful, however, of the Fifth District's recent decision in *Langenstein v. Kassimali*, 2012 IL App (5th) 120343, in which the court held that the service of petitions for judicial review on the individual members of an electoral board, rather than on the electoral board as an entity, was sufficient to substantially comply with the requirements of section 10-10.1(a) of the Election Code. In doing so, the *Langenstein* court emphasized that the "serving of duplicate papers to the county clerk, in order to serve the board separately, was unnecessary to invoke the subject matter jurisdiction of the [circuit] court." *Id.* ¶ 11. While we acknowledge the important interests at stake, we do not believe application of *Langenstein*'s rationale in this case would change the outcome. This case is the converse of *Langenstein*. Here, petitioner served *only* the Electoral Board and not any of the individual members. Based on First District precedent, this is not compliance with the Election Code. The *Langenstein* approach, however, highlights the confusion caused by a plain reading of the statute then overlaying it with judicial interpretation. Given that "the right to access to the ballot and the freedom of the people to elect candidates of their choice in open elections *** [is] one of the basic premises of American democracy" (*Jackson*, 2012 IL 111928, ¶ 84 (Freeman, J., dissenting, joined by Burke, J.)), the legislature would provide a valuable

service if it, and not the courts, spelled out once and for all who must be named, who must be served and whose service to the clerk must be made.

¶ 18    Ultimately, because we are bound by the principle of *stare decisis*, we continue to adhere to the prevailing legal authority in this district and conclude that as a result petitioner's failure to strictly comply with the requirements of section 10-10.1(a) of the Election Code, subject matter jurisdiction was not conferred upon the circuit court and, thus, the court properly dismissed Solomon's petition seeking review of the Electoral Board's decisions for lack of subject matter jurisdiction.

¶ 19    In so holding, we emphasize that we do not condone the Electoral Board's use of an outdated letterhead that incorrectly identified its members; however, we find that Solomon cannot invoke the doctrine of detrimental reliance or equitable estoppel to excuse his failure to name a necessary party. To successfully assert these doctrines against the state and its agencies, "the acts inducing detrimental reliance generally must be the acts of the [s]tate itself, such as legislation, rather than the unauthorized acts of a ministerial officer." (Internal quotation marks omitted.) *McDonald v. Department of Human Services*, 406 Ill. App. 3d 792, 803 (2010). Here, the sending of the letter does not constitute state action and, thus, the doctrines of equitable estoppel and detrimental reliance are not applicable in this case. See *Frerichs v. State of Illinois*, 2011 IL App (4th) 101046, ¶ 30. Moreover, given that the statutory period to file legally sufficient petitions to challenge the Electoral Board's decisions has lapsed, Solomon cannot amend his petitions to add additional parties. See *Bill*, 299 Ill. App. 3d 548.

¶ 20                                            III. CONCLUSION
¶ 21    The judgment of the circuit court is affirmed.

¶ 22    Affirmed.