2018 IL App (1st) 180406

FIRST DIVISION
March 7, 2018

No. 1-18-0406

| | | |
|---|---|---|
| JAN KOWALSKI McDONALD, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | Appeal from the |
| | ) | Circuit Court of |
| v. | ) | Cook County. |
| | ) | |
| THE COOK COUNTY OFFICERS ELECTORAL | ) | No. 2018 COEL 18 |
| BOARD; DAVID ORR, Chairman; DAVID ORR, Cook | ) | |
| County Clerk; KIM FOXX, Cook County State's | ) | Honorable |
| Attorney; DOROTHY BROWN, Clerk of the Circuit | ) | Carol A. Kipperman, |
| Court; and REGINALD FEATHERSTON, SR., Objector, | ) | Judge Presiding. |
| | ) | |
| Respondents-Appellees. | ) | |

JUSTICE MIKVA delivered the judgment of the court, with opinion.
Presiding Justice Pierce and Justice Simon concurred in the judgment and opinion.

**OPINION**

¶ 1     The sole issue in this appeal is whether the circuit court had subject matter jurisdiction to consider Appellant Jan Kowalski McDonald's petition for judicial review of an order of the election board sustaining objections to her nominating petition and removing her from the ballot for Cook County clerk in the impending March 20, 2018, primary. We hold that the circuit court did have subject matter jurisdiction and remand for an expedited decision on the merits of Ms. Kowalski McDonald's petition.

¶ 2                               I. BACKGROUND

¶ 3     On December 4, 2017, Ms. Kowalski McDonald submitted her nomination petition to run for Cook County clerk. On December 11, 2017, Reginald Lamont Featherston, Sr. filed

objections to that petition. Pursuant to section 10-9 of the Election Code (10 ILCS 5/10-9(2.5) (West 2016)), the Cook County Officers Electoral Board (Board)—comprised of the current Cook County clerk, Cook County State's Attorney, and clerk of the circuit court of Cook County—was convened to pass on Mr. Featherston's objections.[1]

¶ 4    Following an evidentiary hearing, on February 15, 2018, the hearing officer assigned to the case recommended that the Board sustain the objections on two grounds: (1) that Ms. Kowalski McDonald violated section 7-10.2 of the Election Code (10 ILCS 5/7-10.2 (West 2016)) by failing to state on her petition sheets that she was formerly known simply as Jan Kowalski, during a period of time following her December 2010 divorce; and (2) that Ms. Kowalski McDonald deliberately altered a number of the voter addresses on her petition sheets.

¶ 5    On February 15, 2018, the Board voted unanimously to remove Ms. Kowalski McDonald from the ballot. Although the Board agreed with the hearing officer's findings of fact concerning her failure to comply with section 7-10.2 of the Election Code, it declined to invalidate her nominating petition on this basis, noting that the purpose of the statute was not frustrated because Ms. Kowalski McDonald "came by all of the components of her name through the commonplace events of life." The Board adopted, however, the hearing officer's recommendation that Ms. Kowalski McDonald be stricken from the ballot based on the documentary and testimonial evidence that she engaged in the widespread alteration of petition sheets. One of her circulator's, in particular, testified that handwritten changes to the sheets he collected were made after he signed the sheets to attest to their accuracy. The Board struck all of the sheets signed by that circulator. Noting that the evidence would also have justified striking each of the other altered

---

[1]    In a related appeal we rejected Ms. Kowalski McDonald's challenge to the Board's composition. See *Kowalski McDonald v. Cook County Officers Electoral Board*, 2018 IL App (1st) 180122-U.

sheets in its entirety, the Board adopted the hearing officer's less severe recommendation of striking only the affected entries from the other circulator's sheets. This nevertheless reduced the number of valid signatures supporting Ms. Kowalski McDonald's petition by 777, causing her to be 320 signatures below the statutory minimum for placement on the ballot.

¶ 6    On February 16, 2018, Ms. Kowalski McDonald filed a petition for judicial review of the Board's decision, pursuant to section 10-10.1 of the Election Code, which provides that "a candidate or objector aggrieved by the decision of an electoral board may secure judicial review of such decision in the circuit court of the county in which the hearing of the electoral board was held." 10 ILCS 5/10-10.1(a) (West 2016). In her petition, Ms. Kowalski McDonald stated that she "anticipated" that the Board would issue a written decision adopting the hearing officer's recommendations on February 20, 2018.

¶ 7    The Board had not yet issued an order when the parties appeared before the circuit court on the morning of February 20, 2018. At that time the court issued an order stating that "[t]he Petition for Judicial Review [wa]s entered and continued subject to the electoral board's opinion."

¶ 8    The Board issued its final written order that later that same day. In accordance with its vote of February 15, 2018, the Board sustained Mr. Featherston's objections, declared Ms. Kowalski McDonald's nomination papers to be invalid, and struck her name from the ballot for the March 20, 2018, primary.

¶ 9    On February 22, 2018, Ms. Kowalski McDonald filed an amended petition for judicial review containing substantially the same allegations as her first petition but attaching the Board's final written decision.

¶ 10    On February 27, 2018, Mr. Featherston moved to dismiss the amended petition, pursuant

to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619(a)(1) (West 2016)), arguing that Ms. Kowalski McDonald had failed to strictly comply with the jurisdictional requirements set forth in section 10-10.1 of the Election Code (10 ILCS 5/10-10.1 (West 2016)). Mr. Featherston argued that Ms. Kowalski McDonald's initial petition, filed before the Board issued its final order, was premature, and that nothing in section 10-10.1 or the cases interpreting it permitted the amendment of petitions for judicial review in election cases. According to Mr. Featherston, because Ms. Kowalski McDonald's initial petition was not filed "within 5 days after service of the decision of the electoral board," as required by section 10-10.1 *(id.* § 10-10.1(a) (West 2016)), the circuit court lacked subject matter jurisdiction to review the Board's final order.

¶ 11    Mr. Featherston also argued that nothing in the record indicated that Ms. Kowalski McDonald had served the other parties with her amended petition within five days of the Board's written order. However, Ms. Kowalski McDonald filed a proof of service on February 27, 2018, indicating that she served her amended petition by certified mail on February 26, 2018. That service was timely, even though it was made six days after the Board served its final order, as February 25 fell on a Sunday.

¶ 12    In her response to the motion to dismiss, Ms. Kowalski McDonald noted that her amended petition was itself filed within the statutory timeframe dictated by the Election Code and rejected the notion that her amended petition "related back" to her initial, deficient petition. Ms. Kowalski McDonald further argued that, by entering and continuing her initial petition "subject to the electoral board's opinion," the circuit court had "specifically envisioned that [she] would be filing an amended petition."

¶ 13    The circuit court disagreed. On February 28, 2018, it determined that it lacked subject

matter jurisdiction and entered an order dismissing her petition with prejudice. Ms. Kowalski McDonald filed her notice of appeal from that order on March 1, 2018. We have jurisdiction under Illinois Supreme Court Rules 301 and 303, governing appeals from final judgments in civil cases. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 14                                II. ANALYSIS

¶ 15    Given the time-sensitive nature of this appeal, we granted Ms. Kowalski's motion for an accelerated docket and instructed the parties to file simultaneous memoranda in lieu of briefs. Having considered the parties' arguments, as well as the materials in the supporting record filed by Ms. Kowalski McDonald pursuant to Rule 328 (Ill. S. Ct. R. 328 (eff. July 1, 2017))—which respondents have not supplemented—we conclude that the circuit court was wrong to dismiss the case based on a lack of subject matter jurisdiction.

¶ 16    A motion to dismiss based on a lack of subject matter jurisdiction is a motion pursuant to section 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-619(a)(1) (West 2016). Our review of the grant or denial of such a motion is *de novo*. *Neppl v. Murphy*, 316 Ill. App. 3d 581, 583 (2000).

¶ 17    We begin with the proposition that "[c]ourts do not possess inherent authority to hear election contests, and may exercise jurisdiction in such cases only when and as provided by statute." *Allord v. Municipal Officers Electoral Board for the Village of South Chicago Heights*, 288 Ill. App. 3d 897, 900 (1997). Section 10-10.1(a) of the Election Code establishes the four jurisdictional prerequisites for such review. 10 ILCS 5/10-10.1(a) (West 2016). A petitioner must:

"(1) file his challenging petition with the clerk of the court within five days after the Board's service of its decision; (2) serve copies of the petition on the Board and the

other parties to the proceedings by registered or certified mail within five days after the Board's service of its decision; (3) state in that petition why the Board's decision should be reversed; and (4) file proof of service with the clerk of the court." (Internal quotation marks omitted.) *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 31. Our supreme court has made clear that strict compliance with these prerequisites is required to confer subject matter jurisdiction on the circuit court. *Id.* ¶ 16.

¶ 18                    A. Amended Petitions for Judicial Review in Election Cases

¶ 19    Here, it is clear that Ms. Kowalksi McDonald's initial petition for judicial review was filed prematurely, before the Board served its final order. As such, it conferred no jurisdiction on the circuit court. *See Pernalski v. Illinois Racing Board*, 295 Ill. App. 3d 499, 505 (1998) (holding that a complaint for administrative review filed eight days before the agency issued its written decision was premature and "insufficient to confer jurisdiction upon the court over the subject matter of the appeal). And although her amended petition was filed within five days of service of that order, it was not filed as the initiating document in a new action but as an amended petition. According to Mr. Featherston, amended petitions for judicial review are simply not permitted in election cases.

¶ 20    We disagree. Although it is true that section 10-10.1 does not itself provide a mechanism for amending a petition for judicial review in an election case, section 1-108(b) of the Code of Civil Procedure states that, "[i]n proceedings in which the procedure is regulated by statutes other than those contained in this Act, such other statutes control to the extent to which they regulate procedure but Article II of this Act applies to matters of procedure not regulated by such other statutes." 735 ILCS 5/1-108(b) (West 2016). Article II is the Civil Practice Act, which provides, at section 2-616(a), that "[a]t any time before final judgment amendments may be

allowed on just and reasonable terms *** and in any matter *** which may enable the plaintiff to sustain the claim for which it was intended to be brought ***." 735 ILCS 5/2-616(a) (West 2016).

¶ 21 *Bill v. Education Officers Electoral Board of Community Consolidated School District No. 181*, 299 Ill. App. 3d 548 (1998), relied on by Mr. Featherston for the proposition that a defective petition for judicial review may not be cured by amendment, is distinguishable. In *Bill*, the petitioner in an election case failed to initially name and serve individual board members and sought to amend her petition *after* the time for filing it under section 10-10.1 of the Election Code had passed. *Bill*, 299 Ill. App. 3d at 550, 553. Notably, she sought to do so, not under section 1-108(a) of the Code of Civil Procedure, but under a very specific provision that had just been added to the Administrative Review Law prohibiting the dismissal of any action for administrative review based on the failure to serve all of the proper parties. *Id.* at 553 (citing 735 ILCS 5/3-107(a) (West Supp. 1997)). As the court in that case correctly noted (*Bill*, 299 Ill. App. 3d at 554-55), section 10-10.1 of the Election Code, providing for judicial review in election cases, expressly states that the Administrative Review Law only applies to the review of electoral board decisions involving a specific section of the Property Tax Code. See 10 ILCS 5/10-10.1(b) (West 1996) ("An objector or proponent aggrieved by the decision of an electoral board regarding a petition filed pursuant to Section 18-120 of the Property Tax Code *** may apply for and obtain judicial review *** in accordance with the provisions of the Administrative Review Law").

¶ 22 Ms. Kowalski McDonald's ability to amend her petition does not rest on the Administrative Review Law. Rather, under section 1-108(b) of the Code of Civil Procedure, the Code's general rule favoring the liberal allowance of amendments applies wherever contrary

procedures are not specified by the statute conferring circuit court jurisdiction. The Election Code neither expressly prohibits the amendment of petitions for judicial review nor specifies contrary procedures governing such amendments. We note that *Lizak v. Zadrozny*, 4 Ill. App. 3d 1023, 1028 (1972), a case in which this court "entertain[ed] serious doubts as to the general applicability of the Civil Practice Act to Board of Election Commissioners review proceedings," is no longer good law on this point, as it predated by nearly a decade the adoption of section 1-108(b) of the Code of Civil Procedure.

¶ 23    We reject Mr. Featherston's contention that only a "new action for judicial review" filed within five days of the Board's final order could convey subject matter jurisdiction on the circuit court. Mr. Featherston cites no case standing for the proposition that a  failure to allege facts establishing subject matter jurisdiction cannot be cured by amendment. Indeed, we have presumed the opposite to be true in other case. In *Sheffler v. Comonwealth Edison Co.*, 399 Ill. App. 3d 51, 68-69 (2010), for example we concluded that a complaint was properly dismissed for a lack of subject matter jurisdiction because the plaintiffs' claims related to rate-setting for electrical power services, a matter squarely within the original jurisdiction of the Illinois Commerce Commission. We went on, however, to consider the merits of the plaintiffs' argument that the circuit court should not have denied the plaintiffs leave to amend, an analysis that would have been wholly unnecessary if we subscribed to Mr. Featherston's view of amended pleadings. *Id.* at 73-76.

¶ 24    Nor are we persuaded by Mr. Featherston's argument that Ms. Kowalski McDonald's amended petition "relates back" to her initial, deficient filing. "The purpose of the relation-back doctrine *** is to *preserve* causes of action against loss by reason of technical default unrelated to the merits." (Emphasis added.) *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 355

(2008). Mr. Featherston cites no case standing for the proposition that the doctrine should be applied in reverse to *invalidate* a later filing that meets the necessary statutory requirements.

¶ 25                              B. Leave to Amend

¶ 26    Mr. Featherston also argues that Ms. Kowalski McDonald never received leave of court to file an amended petition. It is true that, absent leave of court, a party has no absolute right to amend his or her pleading. See 735 ILCS 5/2-616(a) (West 2016) (providing that "amendments *may be allowed* on just and reasonable terms" (emphasis added)). However, our supreme court has held that a "failure to obtain leave to amend a complaint is not a jurisdictional defect" and "a party may waive [forfeit] its right to object to the defect." *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 355 (1998). See also *Johnson v. Ingalls Memorial Hospital*, 402 Ill. App. 3d 830, 842 (2010) (holding that "the failure to obtain leave of court *** is not, in and of itself, a jurisdictional defect, rendering the  amendment a 'nullity,' " but is instead "a procedural deficiency, and any failure to timely object to it is subject to forfeiture").

¶ 27    Ms. Kowalski McDonald suggests that she did receive leave of court by virtue of the circuit court's order of February 20, 2018, in which the court (according to her) crossed out "dismissed" and instead "entered and continued" her petition "subject to the electoral board's opinion." The circuit court's order is certainly consistent with this understanding. Mr. Featherston has filed affidavits in which his lawyers assert that this order was entered after they left the courtroom and that they were told by the court that no order was necessary because nothing was pending before the court. There is no transcript of the proceedings indicating that Mr. Featherston pressed the court to dismiss the action rather than hold it open until the Board issued its order. Although we are troubled by Mr. Featherston's assertions that the February 20, 2018, order was an improper "*ex parte*" order, that issue must be raised before the circuit court.

We simply have no way of resolving it on the record before us. Ms. Kowalski McDonald's motion to strike Mr. Featherston's memorandum because it improperly attaches these affidavits is denied.

¶ 28   Regardless of what happened with the order, the fact remains that Mr. Featherston never sought to strike Ms. Kowalski McDonald's amended petition because it was filed without leave. His motion to dismiss was instead based on his position, which we have rejected, that there is no opportunity to amend such a petition. Based on the materials in the supporting record, which Mr. Featherston has not sought to supplement, we find no indication that he preserved an objection to Ms. Kowalski McDonald's amended petition on the basis that it was filed without leave of court. We will not entertain such an objection for the first time on appeal.

¶ 29                                C. Proof of Service

¶ 30   Mr. Featherston also argues that the proof of service Ms. Kowalski McDonald filed on February 27, 2018—indicating that she served her amended petition on the relevant parties by certified mail on February 26, 2018—was filed too late, more than five days after service of the Board's order. This is incorrect. The plain language of section 10-10.1 requires *service* within five days of the Board's final order and the filing of a proof of service; it does not require that a proof of service be filed within the same five-day period. 10 ILCS 5/10-10.1(a) (West 2016) ("The party seeking judicial review *** must serve a copy of the petition upon the electoral board and other parties to the proceeding by registered or certified mail within 5 days after service of the decision of the electoral board as provided in Section 10-10. *** The petitioner shall file proof of service with the clerk of the court."). See also *Carlasare v. Will County Officers Electoral Board*, 2012 IL App (3d) 120699, ¶ 17 (rejecting an objector's claim of lack of jurisdiction on this basis). We thus reject Mr. Featherston's argument that Ms. Kowalski

McDonald failed to comply with the jurisdictional prerequisites of section 10-10.1 because her proof of service was not "properly of record."

¶ 31                                  III. CONCLUSION

¶ 32    For the foregoing reasons, we reverse the circuit court's dismissal of Ms. Kowalski McDonald's petition for judicial review and remand this matter to the circuit court for a decision on the merits of her challenges to the Board's February 20, 2018, final order removing her from the ballot in the March 20, 2018, primary election.

¶ 33    Given the time-sensitive nature of the issues raised in this case, Ms. Kowalski McDonald and Mr. Featherston shall file simultaneous briefs in the circuit court by noon on Friday, March 9, 2018, on the merits of Ms. Kowalski McDonald's petition. They are encouraged, where expedient, to incorporate by reference their arguments before the Board, with proper citations to the record on administrative review. The circuit court is directed to rule on Ms. Kowalski McDonald's amended petition on or before Monday, March 12, 2018. In the event that a second appeal is filed in this case, we grant the parties leave to reference the Rule 328 supporting record filed in this appeal, and to supplement that record as needed.

¶ 34    Reversed and remanded with directions.