NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 210083-U

NO. 4-21-0083

IN THE APPELLATE COURT

FILED
April 1, 2021
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| CHAD COIT, | ) | Appeal from |
|     Petitioner-Appellant, | ) | Circuit Court of |
|     v. | ) | Champaign County |
| CHRIS DOENITZ; TOWNSHIP OFFICERS | ) | No. 21MR70 |
| ELECTORAL BOARD FOR MAHOMET TOWNSHIP; | ) | |
| AARON WHEELER, in His Official Capacity as Chair; | ) | |
| DAVID PARSONS, in His Official Capacity as Member; | ) | |
| GREG MILLER, in His Official Capacity as Member; | ) | |
| and AARON AMMONS, in His Official Capacity as | ) | Honorable |
| Champaign County Clerk, | ) | Benjamin W. Dyer, |
|     Respondents-Appellees. | ) | Judge Presiding. |

---

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, concluding (1) statutory language did not require petitioner to file proof of service within five days of filing his petition for judicial review in order to confer subject matter jurisdiction on the circuit court, (2) petitioner forfeited his argument he did not participate in a partisan caucus on the basis he did not follow caucus procedures, and (3) petitioner was ineligible to run as an independent candidate after participating in a partisan caucus.

¶ 2    Petitioner, Chad Coit, seeks to run as an independent candidate for the office of Mahomet Township highway commissioner in a consolidated election scheduled for April 6, 2021. After Coit filed his statement of candidacy, respondent Chris Doenitz filed an objection with the Mahomet Township Electoral Board (Board), asserting Coit was ineligible to run as an independent candidate under section 10-3 of the Illinois Election Code (10 ILCS 5/10-3 (West

2020)) because he participated in the Republican caucus and was defeated by Doenitz. Following an evidentiary hearing, the Board entered a written order sustaining Doenitz's objection and ordering Coit's name removed from the ballot.

¶ 3    Coit filed a petition for judicial review in the Champaign County circuit court. Doenitz filed a motion to dismiss the petition, arguing the circuit court lacked subject matter jurisdiction because Coit failed to timely file a proof of service. Coit filed a proof of service shortly thereafter. Following a hearing, the circuit court entered a written order (1) denying Doenitz's motion to dismiss on the basis of lack of subject matter jurisdiction and (2) affirming the Board's decision sustaining Doenitz's objection.

¶ 4    Coit appeals, arguing the Board's decision should be reversed because he did not participate in the Republican caucus for purposes of the lockout provisions set forth in section 10-3 of the Election Code. *Id.* Doenitz argues this court should dismiss this appeal for lack of subject matter jurisdiction, or in the alternative, affirm the Board's decision sustaining Doenitz's objection. We conclude this court has jurisdiction and affirm the Board's decision.

¶ 5    I. BACKGROUND

¶ 6    In November 2020, a notice of caucus was issued by the Republican party in the Township of Mahomet, Champaign County, Illinois, stating a caucus was to occur on December 1, 2020. The notice further stated any candidate intending to seek office must submit their intent in writing between November 23, 2020, and November 27, 2020. On November 25, 2020, Coit mailed a notarized letter to David Parsons, the Republican party committee clerk, stating he intended to seek the Republican nomination for Mahomet Township highway commissioner. After mailing his letter but prior to the caucus, Coit posted messages to his Facebook account stating he was running for highway commissioner and encouraging his supporters to attend the

Republican caucus. Coit also sent letters to registered voters in the community, whose names he obtained from the Champaign County clerk's website, asking for support and encouraging them to attend the Republican caucus.

¶ 7    The Republican caucus was held on December 1, 2020. At the caucus, it was announced that two candidates, Coit and Doenitz, had submitted acceptable paperwork expressing their intent to run for highway commissioner. Although Coit did not attend the caucus, an individual named James Borders nominated him for the position, and Don Hogan nominated Doenitz. A woman named Angela Norman volunteered to act as a poll watcher on Coit's behalf. Coit received 17 votes and was defeated by Doenitz, who received 50 votes.

¶ 8    On December 18, 2020, Coit filed a statement of candidacy with the Champaign County clerk, expressing his intent to run as an independent candidate for the office of Mahomet Township highway commissioner. On December 28, 2020, Doenitz filed a verified objector's petition arguing Coit was not eligible to run as an independent candidate for highway commissioner because he participated in the Republican caucus and was defeated by Doenitz, thus triggering the lockout provisions set forth in section 10-3 of the Election Code (10 ILCS 5/10-3 (West 2020)). Doenitz requested that Mahomet Township convene an Electoral Board, find Coit's nomination papers invalid, and strike Coit's name from the ballot as a candidate for highway commissioner.

¶ 9    The Board held a series of public hearings on Doenitz's objector's petition in January 2021, culminating in an evidentiary hearing on January 15, 2021. At the evidentiary hearing, Angela Norman testified she attended the caucus at Coit's request but only to observe and not on his behalf. Coit testified he neither asked James Borders to nominate him nor asked

Norman to act as his poll watcher. Coit admitted that he never withdrew his nomination, and when asked why he did not attend the caucus, stated he "didn't want to participate."

¶ 10 On January 21, 2021, the Board entered a written order finding Coit participated in and was defeated by Doenitz at the Republican caucus and was therefore not eligible to run as an independent candidate for highway commissioner. Accordingly, the Board sustained Doenitz's objection and directed the Champaign County clerk to strike Coit's name from the ballot as an independent candidate for highway commissioner.

¶ 11 On January 22, 2021, Coit filed a petition for judicial review in the Champaign County circuit court, arguing the Board's decision should be reversed because he did not "participate" in the Republican caucus and therefore the lockout provisions set forth in section 10-3 of the Election Code (10 ILCS 5/10-3 (West 2020)) did not foreclose his eligibility to run as an independent candidate. On February 1, 2021, Doenitz filed a motion to dismiss under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2020)), arguing the circuit court lacked subject matter jurisdiction because Coit failed to file a proof of service with the circuit clerk within five days after service of the decision of the Board, citing section 10-10.1(a) of the Election Code (10 ILCS 5/10-10.1(a) (West 2020)). On February 2, 2021, Coit filed a proof of service with the circuit clerk. Coit additionally filed a response to Doenitz's motion to dismiss, arguing he was not required by statute to file the proof of service within five days of service of the Board's decision and any jurisdictional defect was cured when he filed the proof of service.

¶ 12 On February 5, 2021, the circuit court held a combined hearing on Doenitz's motion to dismiss and Coit's petition for judicial review. On February 8, 2021, the circuit court entered a written order finding it had jurisdiction and affirming the Board's decision, concluding

Coit participated in the Republican caucus and therefore was not eligible to run as an independent candidate.

¶ 13    This appeal followed.

¶ 14                    II. ANALYSIS

¶ 15    On appeal, Coit argues this court should reverse the decision of the Board because he was not a "participant" in the Republican caucus and therefore the lockout provisions set forth in section 10-3 of the Election Code (10 ILCS 5/10-3 (West 2020)) do not prohibit him from running as an independent candidate. Specifically, Coit argues he was not a participant because (1) he did not sign an affidavit stating he was a registered voter and member of the Republican party as required by the Township Code (60 ILCS 1/45-50(c)(3) (West 2020)) and (2) he did not attend or vote at the caucus. Doenitz asserts this court lacks subject matter jurisdiction and this appeal should be dismissed, or alternatively, this court should affirm the Board's decision. We conclude this court has subject matter jurisdiction and affirm the Board's decision.

¶ 16                    A. Jurisdiction

¶ 17    We first address Doenitz's argument this court lacks subject matter jurisdiction because Coit failed to file a proof of service with the circuit clerk within five days of service of the Board's decision and therefore failed to comply with the special jurisdictional requirements set forth in section 10-10.1 of the Election Code (10 ILCS 5/10-10.1 (West 2020)). Coit does not dispute he did not file a proof of service within five days of service of the Electoral Board's decision but argues he was not required to do so.

¶ 18    Section 10-10.1 sets forth four jurisdictional requirements for a party seeking judicial review of the Board's decision. The party seeking review "must file a petition with the clerk of the court and must serve a copy of the petition upon the electoral board and other parties

to the proceeding by registered or certified mail within 5 days after service of the decision of the electoral board as provided in Section 10-10 [of the Election Code].” *Id.* The petition for judicial review must set forth the basis for reversing the Board’s decision. *Id.* Finally, the party seeking judicial review “shall file proof of service with the clerk of court.” *Id.* Strict compliance with the requirements of section 10-10.1 is necessary to confer subject matter jurisdiction on the reviewing court. *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 16, 23 N.E.3d 351.

¶ 19 Doenitz asserts Coit was required to file a proof of service with the clerk of court within five days of service of the Board’s decision in order to confer subject matter jurisdiction on the circuit court. We disagree. In *Kowalski McDonald v. Cook County Officers Electoral Board*, 2018 IL App (1st) 180406, ¶ 30, 117 N.E.3d 218, the First District held that the “plain language of section 10-10.1 requires *service* within five days of the Board’s final order and the filing of a proof of service; it does not require that a proof of service be filed within the same five-day period.” (Emphasis in original.) See also *Carlasare v. Will County Officers Electoral Board*, 2012 IL App (3d) 120699, ¶ 17, 977 N.E.2d 298 (“[A]lthough [section 10-10.1] requires that proof of service be filed, it does not require that the filing take place within five days.”). When construing a statute, we give the language of the statute its plain and ordinary meaning. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 181, 874 N.E.2d 1, 8 (2007). Although the statute should be construed as a whole (*id.*), courts may not add to the requirements listed in the statute. *Bettis*, 2014 IL 117050, ¶ 32. Because there is no time period referenced in section 10-10.1 for the filing of proof of service, we conclude Coit was not required to file proof of service within five days of the Board’s decision in order to confer subject matter jurisdiction on the reviewing court.

¶ 20        In support of his claim that section 10-10.1 imposes a deadline for filing proof of service, Doenitz relies on *Nelson v. Qualkinbush*, 389 Ill. App. 3d 79, 89 (2009), *abrogated on other grounds by Bettis*, 2014 IL 117050. In *Qualkinbush*, the First District was called upon to construe an earlier version of section 10-10.1. That version of the statute read:

> "The party seeking judicial review must file a petition with the clerk of the court within 10 days after the decision of the electoral board. The petition shall contain a brief statement of the reasons why the decision of the board should be reversed. The petitioner shall serve a copy of the petition upon the electoral board and other parties to the proceeding by registered or certified mail and shall file proof of service with the clerk of the court. No answer to the petition need be filed, but any answer must be filed within 10 days after the filing of the petition." 10 ILCS 5/10-10.1 (West 2008).

The *Qualkinbush* court held that a petitioner's failure to file proof of service within 10 days after filing the petition for judicial review supported a dismissal for lack of jurisdiction. *Qualkinbush*, 389 Ill. App. 3d at 90.

¶ 21        Like the First and Third Districts, we decline to follow *Qualkinbush*. See *McDonald*, 2018 IL App (1st) 180406, ¶ 30; see also *Carlasare*, 2012 IL App (3d) 120699, ¶ 17. We agree with the *McDonald* court that the plain language of section 10-10.1 does not require that proof of service be filed within the five days after service of the Board's final order. *McDonald*, 2018 IL App (1st) 180406, ¶ 30. The statute does not impose any deadline for the filing of proof of service—it only requires that one be filed. We decline to impose a jurisdictional requirement not found in the statute.

¶ 22    Here, the Board served its decision on Coit on January 21, 2021, and Coit filed a proof of service on February 2, 2021. We conclude Coit fulfilled the special jurisdictional requirements of section 10-10.1 when he filed the proof of service. Accordingly, the circuit court correctly denied Doenitz's motion to dismiss, and this court has subject matter jurisdiction. See Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 23                        B. Participation in Republican Caucus

¶ 24    We turn next to the merits of this case. Coit claims he was not a participant in the Republican caucus for two reasons: (1) he did not follow caucus procedures as required by the Township Code (60 ILCS 1/45-50(c)(3) (West 2020)) and (2) he did not attend the caucus or vote.

¶ 25                            1. *Applicable Law*

¶ 26    "Where *** an electoral board's decision is challenged in court pursuant to section 10-10.1 of the Election Code [citation], the proceeding is in the nature of administrative review." *Jackson-Hicks v. East St. Louis Board of Election Commissioners*, 2015 IL 118929, ¶ 19, 28 N.E.3d 170. "On appeal, we review the Board's decision rather than that of the circuit court." *Schmidt v. Illinois State Board of Elections*, 2016 IL App (4th) 160189, ¶ 10, 68 N.E.3d 950. "Additionally, where the 'facts are admitted or established and the only dispute concerns whether the governing legal provisions were interpreted correctly,' we apply a *de novo* standard of review." *Id.* (quoting *Jackson-Hicks*, 2015 IL 118929, ¶ 20).

¶ 27    At issue in this case is section 10-3 of the Election Code, which states the following: "A candidate seeking election to an office for which candidates of political parties are nominated by caucus who is a participant in the caucus and who is defeated for his or her nomination at such caucus, is ineligible to be listed on the ballot at that general or consolidated

- 8 -

election as an independent candidate." 10 ILCS 5/10-3 (West 2020). The Election Code does not define "participation" in a partisan caucus. The parties agree that whether Coit is eligible to run as an independent candidate hinges on whether he "participated" in the December 1, 2020, Republican caucus and thus triggered the lockout provision set forth in section 10-3.

¶ 28    In asking this court to construe whether Coit "participated" in the Republican caucus, the parties turn to one of the few cases to address this issue, *McCarthy v. Streit*, 182 Ill. App. 3d 1026, 538 N.E.2d 873 (1989). In *McCarthy*, a slate of Republican candidates attended a caucus wherein an election judge determined they were defeated by the "Streit" slate. *Id.* at 1029. The defeated "McCarthy" slate attempted to reorganize and run as a new party. *Id.* at 1030. The Streit slate filed objections, arguing the McCarthy candidates were precluded from running as a new party because they participated in and were defeated at the caucus. *Id.* at 1031. Several of the McCarthy candidates appealed, arguing they did not participate in the caucus because they did not (1) sign an affidavit confirming their participation, (2) sign in at the caucus, (3) actively seek nomination, (4) make nominations, or (5) vote. *Id.* at 1030.

¶ 29    The *McCarthy* court held that "in the context of a caucus, the individuals claimed to have participated must either have voted or done something more active than simply being present and observing." *Id.* at 1035. Furthermore, a candidate's mere failure to withdraw his name from nomination is not enough to find he participated in the caucus under section 10-3. *Id.* Rather, the lockout provisions set forth in section 10-3 "should only be implemented where there are specific, provable, documented actions of a candidate which would be fatal to a third-party candidacy." *Id.* at 1036. Under this framework, the court concluded the McCarthy candidates, by taking no affirmative actions to share in the caucus process, did not participate in the caucus and were not foreclosed from seeking third-party candidacy. *Id.* at 1035.

¶ 30                                    2. *This Case*

¶ 31                              a. Caucus Procedures

¶ 32        As stated above, Coit first argues he was not a "participant" under section 10-3 because he did not file an affidavit stating he was a registered voter and a member of the Republican party as required by statutory caucus procedures. See 60 ILCS 1/45-50(c)(3) (West 2020) ("Individuals participating at an established political party township or multi-township caucus shall *** sign an affidavit that he or she is a registered voter and affiliated with the established political party holding the caucus."). Coit argues this section of the Township Code defines caucus participation for purposes of section 10-3 of the Election Code.

¶ 33        Here, Coit has forfeited this argument because he failed to raise it before the Board. "[I]ssues or defenses not presented to the administrative agency will not be considered for the first time on administrative review." *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 214, 886 N.E.2d 1011, 1020 (2008); see also *Let Forest Park Vote on Video Gaming v. Village of Forest Park Municipal Officers Electoral Board*, 2018 IL App (1st) 180391, ¶ 25, 101 N.E.3d 152 (stating objector to a referendum petition forfeited argument petitioner failed to comply with Election Code by failing to raise it before the Board). In response to Doenitz's forfeiture argument, Coit does not offer any reason why this court should excuse his forfeiture, arguing only that this argument is a "red herring" because "[t]he one and only argument in front of the Electoral Board, the Trial Court and this Appellate Court revolves around the definition and interpretation of 'participant.' " While Coit is correct that the Board's interpretation of "participant" is the central issue in this case, he fails to acknowledge that the Board was never presented with any argument based on the Township Code. We reiterate that our review in this case is limited to the record before the Board. See *Cinkus*, 228 Ill.

2d at 214 ("[A]dministrative review is confined to the evidence offered before the agency."). Because this argument was never before the Board and Coit provides no compelling reason why his forfeiture should be excused, we honor his forfeiture. See *id.* at 214-15.

¶ 34                                    b. Coit's Participation in the Republican Caucus

¶ 35            Finally, Coit argues he was not a participant in the Republican caucus because he did not attend the caucus or vote. He additionally argues that sending a letter of intent to seek the Republican nomination and campaigning via Facebook and mail did not rise to the level of "participation." We disagree.

¶ 36            Here, we agree with the Board and circuit court that Coit was a participant in the Republican caucus. Unlike the third-party candidates in *McCarthy*, Coit took "specific, provable, documented actions" towards seeking the Republican nomination which were "more active than simply being present and observing." See *McCarthy*, 182 Ill. App. 3d at 1035-36. We agree with the circuit court that the moment Coit submitted his letter of intent, an action which was required by Mahomet Township to seek candidacy, his participation in the caucus commenced. Although his failure to withdraw his name alone is not dispositive of his participation, it undermines his argument when coupled with the fact he *actively campaigned* for the nomination in the days leading up to the caucus. In other words, not only did he never withdraw; he did the exact opposite by campaigning. The exhibits admitted at the Board's evidentiary hearing showed Coit sought votes from his connections on Facebook and sent out letters to Mahomet Township registered voters, whose names he obtained from the county clerk's website. It appears that Coit wished to run for the Republican nomination risk-free by abiding by all of the requirements necessary to secure it, but by merely not attending, ensure he could still run as an independent in

the event of his defeat. Unfortunately for Coit, the legislature decided to prohibit this behavior when it enacted the lockout provisions set forth in section 10-3 of the Election Code.

¶ 37 In conclusion, Coit participated in the Republican caucus and was defeated by Doenitz. Due to his defeat, he is ineligible to run as an independent candidate. We affirm the Board's decision.

¶ 38       III. CONCLUSION

¶ 39 For the reasons stated, we affirm the circuit court's judgment affirming the Board's decision.

¶ 40 Affirmed.